IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRANDON TREMAYNE HOLMAN, )
)
        Petitioner, )
)      1:16-CV-723
v. )      1:14-CR-428-1
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

**<u>MEMORANDUM OPINION AND ORDER</u>**

Catherine C. Eagles, District Judge.

The petitioner, Brandon Holman, pleaded guilty to possession with intent to distribute cocaine base and was sentenced to 84 months. After the Fourth Circuit upheld his conviction and sentence on appeal, he filed this petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, contending that his attorney provided ineffective assistance of counsel and that the Court improperly applied two sentencing enhancements. Mr. Holman has not shown grounds for relief, and the Court will deny his motion to vacate his sentence.

**I.    Background**

In March 2013, a Greensboro Police Department officer saw a car with dark tinted windows traveling 50 miles-per-hour in a 60 miles-per-hour zone on I-40 in Greensboro. (Doc. 31 at ¶ 5). The windows were dark enough that the officer could not identify the age, race, or gender of any occupants. (Doc. 60-4 at 3). The officer stopped the car, driven by Mr. Holman. (Doc. 31 at ¶ 5). When Mr. Holman rolled his window down,

the officer immediately smelled marijuana. (*Id.*). Officers found marijuana in the car and more than thirty-five grams of cocaine base on Mr. Holman's person. (*Id.*).

Later that day, Burlington Police Department officers obtained a warrant to search a Burlington apartment used by Mr. Holman. (*Id.* at ¶ 6; *see* Doc. 41 at 25).[1] This search produced a firearm, nearly 200 grams of cocaine hydrochloride, and additional marijuana and cocaine base. (Doc. 31 at ¶ 6.). Mr. Holman was arrested and charged in North Carolina state court with cocaine possession and trafficking. (*Id.* at ¶ 7).

Based on the evidence obtained during these searches and an earlier search of another residence in October 2012, a grand jury indicted Mr. Holman on November 24, 2014. (*Id.* at ¶ 3; Doc. 1). Six counts arose out of events in March 2013 and one count arose out of the search in October 2012. (*See* Doc. 1). Shortly after the federal indictment, a state prosecutor dismissed the state charges arising out of the March 2013 searches and indicated that the reason for the dismissal was "US atty . . . adopted investigation" and "D indicted 11/25/14." (Doc. 31 at ¶ 7; Doc. 60-3).

Mr. Holman filed a pro se "Motion to Dismiss" on December 8, 2014, (Doc. 3), and a pro se motion to suppress all evidence on December 9, 2014. (Doc. 4; *see* Doc. 5). The Court appointed Jorgelina Araneda as Mr. Holman's counsel on December 30, 2014. (Doc. 7). Mr. Holman "amended" the motion to suppress on January 6, 2015, (Doc. 8),

---

[1] The search warrant is not before the Court, and it is not clear whether the search warrant relied only on information from informants or whether it also relied on the results of the March 2013 traffic stop. For purposes of this motion, the Court assumes the latter.

2

and filed another motion to suppress on January 22, 2015. (Doc. 16). These later filings, like his initial pro se motions, were handwritten and not signed by an attorney.

Mr. Holman pleaded guilty in February 2015 to Count Two of the indictment, which charged him with possession with intent to distribute cocaine base.[2] (Doc. 42 at 17; Minute Entry 02/05/2015). Mr. Holman agreed to plead guilty to Count Two and to significantly limit his right to appeal and his right to seek post-conviction relief. (*See* Doc. 21 at ¶¶ 2, 5(c); Doc. 42 at 9-11, 16). In exchange, the Government agreed to dismiss the other charges, one of which carried a mandatory consecutive prison term of five years. (*See* Doc. 1 at 3-4; 18 U.S.C. § 924(c)(1)(A)(i)). At the change of plea hearing, neither the parties nor the Court discussed the four handwritten motions filed by Mr. Holman. (*See generally* Doc. 42).

The Presentence Report ("PSR") recommended a pair of two-level enhancements for possession of a firearm and for maintaining premises for the purpose of manufacturing or distributing a controlled substance. (Doc. 31 at ¶¶ 17-18). Mr. Holman objected to these enhancements. (Doc. 41 at 6). At the sentencing hearing, the Court overruled the objections, (Doc. 41 at 28-29), calculated Mr. Holman's guideline range as 84 to 105 months, and sentenced Mr. Holman to 84 months' imprisonment. (*Id.* at 29; Doc. 32 at 1-2).

---

[2] Counts Two and Three refer to conduct in Guilford County, indicating that they arose out of the March 2013 traffic stop in Greensboro. (*See* Doc. 1 at 1-2; Doc. 60 at 1). Counts Four through Seven refer to conduct in March 2013 in Alamance County, indicating that they arose out of the search of the apartment in Burlington. (*See* Doc. 1 at 2-3). Count One refers to the October 2012 search. (*See id.* at 1).

3

Ms. Araneda timely filed a notice of appeal on Mr. Holman's behalf. (Doc. 34).[3] Soon thereafter, the Fourth Circuit appointed Josiah Corrigan as appellate counsel for Mr. Holman. (Doc. 39). On appeal, Mr. Holman challenged both his conviction and his sentence; the Fourth Circuit affirmed on all issues in May 2016. (Doc. 53); *United States v. Holman*, 648 F. App'x 359, 360 (4th Cir. 2016) (per curiam) (unpublished).

## II. Overview of Claims

On June 23, 2016, Mr. Holman filed this petition under § 2255 to vacate his sentence. (Doc. 56). Mr. Holman asserts three grounds for relief: (1) ineffective assistance of counsel based on counsel's failure to pursue a motion to suppress, inaccurate advice during plea negotiations, and failure to appeal; (2) improper enhancement of his base offense level for maintaining drug premises; and (3) improper enhancement of his sentence for possession of a firearm.[4] (*See* Doc. 56 at 3-5).

A prisoner may challenge a sentence imposed by a federal court if: (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack." § 2255(a). A

---

[3] In September 2015, Mr. Holman also filed a pro se motion to reduce sentence according to retroactive changes to the guidelines. (Doc. 43). The Court denied the motion because Mr. Holman was sentenced after the changes to the guidelines, and he had already received the benefit of the changes. (Doc. 52).

[4] Mr. Holman characterizes this third claim as based on a "924(c) enhancement" and an enhancement "for a count/charge that was dismissed." (Doc. 56 at 5). From his allegation that there was "[n]o sufficient nexus between weapon and crime," (*id.*; *see also* Doc. 64 at 6-7), the Court infers that Mr. Holman refers to the two-level enhancement for possession of a firearm under USSG § 2D1.1(b)(1). (Doc. 31 at ¶ 17).

sentence is "otherwise subject to collateral attack" if the proceedings suffered from "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citations omitted). The petitioner bears the burden of proving one of these grounds by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam); *White v. United States*, Nos. 3:09CV443–1–W, 3:03CR181, 2009 WL 3578956, at *3 (W.D.N.C. Oct. 26, 2009). If the motion, when viewed against the record, conclusively shows that the petitioner is entitled to no relief, the court may summarily deny the motion. *See* § 2255(b).

### III. Ineffective Assistance of Counsel Claim

To establish ineffective assistance of counsel, Mr. Holman must show both deficient performance and prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). "Surmounting *Strickland*'s high bar is never an easy task," especially given "the importance of protecting the finality of convictions obtained through guilty pleas." *Padilla v. Kentucky,* 559 U.S. 356, 371 (2010).

To prove deficient performance, Mr. Holman must offer some evidence that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Mr. Holman must show that "counsel's representation fell below an objective standard of reasonableness" measured "under prevailing professional norms" and "considering all the circumstances." *Id.* at 688. Judicial scrutiny of an attorney's performance is "highly

5

deferential," and includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

To demonstrate prejudice, Mr. Holman "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. For a conviction based on a guilty plea, the petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012) (citing *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)).

Mr. Holman asserts that his counsel, Ms. Araneda, provided ineffective assistance by not cooperating with his wishes "to file a motion to suppress the evidence." (Doc. 56 at 3). Mr. Holman also contends that his counsel gave him false information about the merits of his motions to suppress, asserting in his reply brief that he entered a plea "based on the resultant misadvice." (Doc. 64 at 2-3). Finally, he contends that Ms. Araneda failed "to file timely notice of direct appeal." (Doc. 56 at 3).

    a. **Representation on motions to suppress**

Mr. Holman first claims ineffective assistance because Ms. Araneda did not seek to suppress the evidence from the March 2013 traffic stop. He contends that his pro se motions to suppress had merit and he challenges the validity of the traffic stop in his petition. (*See* Doc. 56 at 3; Doc. 58 at 1-2).

"Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must . . . prove

6

that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison,* 477 U.S. 365, 375 (1986); *see also Bone v. Polk,* 441 F. App'x 193, 198 (4th Cir. 2011) (per curiam) (unpublished). A lawyer who fails to bring a futile motion to suppress has not provided deficient representation or prejudiced a defendant. *See Truesdale v. Moore*, 142 F.3d 749, 755-56 (4th Cir. 1998).

Mr. Holman cannot show prejudice on this claim, because he has not shown that the stop violated the Fourth Amendment. A traffic stop requires only "reasonable suspicion," that is, "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Navarette v. California*, 134 S. Ct. 1683, 1687 (2014) (citation omitted). Here, the officer noticed that Mr. Holman's vehicle had dark tinted windows and the car was being driven 10 miles-per-hour below the speed limit, based on the officer's estimation, which forced other cars to change lanes to follow the normal flow of traffic. (*See* Doc. 60-4 at 3). These observations provide at least two grounds for violations of North Carolina law. *See* N.C. Gen. Stat. §§ 20-127(b) (setting minimum light transmission level for window tinting), 20-141(h) (prohibiting driving "at such a slow speed as to impede the normal and reasonable movement of traffic").

Mr. Holman contends the results of the traffic stop should have been suppressed because "a state judge had already dismissed the probable cause for [the] traffic stop." (Doc. 56 at 3; *see also* Doc. 58 at 2; Doc. 64 at 4). However, he has offered no evidence to support this contention. The Government has offered evidence that the prosecutor

7

voluntarily dismissed the state charges, without any such determination in state court. (*See* Doc. 60-3 (indicating that the reason for dismissal was that the federal prosecutor had adopted the investigation)). Thus, the state court dismissal would not have supported a motion to suppress. Even if the state court's dismissal had been based on a lack of probable cause, a motion to suppress based solely on that dismissal would have been denied. *See, e.g.*, *Derring v. United States*, Nos. 3:14-cv-14, 3:11-cr-179, 2015 WL 4611979, at *1, 9 (W.D.N.C. July 31, 2015) (holding that, where state and federal charges were brought based on same traffic stop, the state charge and its voluntary dismissal were "irrelevant" to the outcome in federal court), *appeal dismissed*, 634 F. App'x 941 (4th Cir. 2016) (per curiam) (unpublished). Ms. Araneda did not provide ineffective assistance by refusing to pursue a futile argument.

    Mr. Holman also contends that the officer's estimate of his speed was unreliable because it was "a guess," (Doc. 58 at 2), and because the officer did not pace his vehicle. (Doc. 64 at 4). He maintains that his window tint was legal and that the officer must have been able to see in the windows because the officer told him he saw a television in the vehicle. (Doc. 58 at 1-2). Ms. Araneda has testified without contradiction that she did not believe Mr. Holman's pro se motions were reasonable in light of the discovery she had received. (Doc. 60-1 at ¶ 6). Mr. Holman's assertions that his arguments had merit and would have resulted in suppression of the evidence seized from the car are unsupported by any citation to relevant legal authority.

8

Assuming the window tint was legal,[5] that fact alone does not mean that the stop was unconstitutional. The Fourth Amendment only asks whether the officer's decision to stop Mr. Holman's car was reasonable; it does not require that an officer be perfect. *Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014); *see also Florida v. Harris*, 133 S. Ct. 1050, 1059 (2013) ("[W]e do not evaluate probable cause in hindsight, based on what a search does or does not turn up."); *United States v. Williams*, 336 F. App'x 376, 378 (4th Cir. 2009) (per curiam) (unpublished) ("The fact that [a defendant] was not ultimately charged with illegal window tint . . . does not conclusively indicate that the officer did not observe probable violations of th[at] type[].").

Mr. Holman has offered nothing to show that Ms. Araneda's decision to abandon the pro se motions to suppress caused him prejudice, and his speculative allegations of ineffective assistance of counsel in the habeas petition do not warrant an evidentiary hearing. *See United States v. Roane*, 378 F.3d 382, 400-01 (4th Cir. 2004). The claim for ineffective assistance of counsel based on the suppression motions will be denied.

### b. Advice about plea agreement

Mr. Holman contends that he received ineffective assistance during Ms. Araneda's representation before his guilty plea and in her advice to accept the plea. He asserts that Ms. Araneda told him multiple times "that probable cause dont [sic] matter in federal court only in state court." (Doc. 64 at 3; *see also* Doc. 58 at 1). Mr. Holman contends

---

[5] After the stop, the light transmission of the window was measured at 39.1%. (Doc. 60-4 at 4). North Carolina law requires a minimum light transmission of 35%. N.C. Gen. Stat. § 20-127(b)(1).

9

that he was "willing and ready to go to trial," (Doc. 64 at 5), that Ms. Araneda's advice about probable cause had the effect of "forcing" him to plead guilty, and that his plea was "based on the resultant misadvice." (*Id.* at 3).

In her affidavit, Ms. Araneda testifies that she read all of Mr. Holman's pro se motions. (Doc. 60-1 at ¶ 5). After reviewing the discovery, she states that she "did not believe that the pretrial motions Mr. Holman filed would help him nor were they reasonable in light of the discovery evidence." (*Id.* at ¶ 6). She recommended that Mr. Holman accept the Government's plea offer to plead to Count Two and have the remaining six counts dismissed. (*Id.*). Ms. Araneda did not prepare or file any motions to suppress of her own, "since upon the review of the evidence with Mr. Holman, he decided to accept the government's written offer" and plead guilty. (*Id.* at ¶ 11).

Ms. Araneda's affidavit does not address the statement attributed to her that "probable cause dont matter in federal court." (*See* Doc. 60-1). If made, that statement was an incorrect interpretation of the law. The Fourth Amendment's protection against unreasonable searches and seizures applies fully to evidence from a traffic stop used in a federal criminal prosecution. *E.g.*, *Whren v. United States*, 517 U.S. 806, 809-10 (1996).

However, Mr. Holman's claim still fails as he has not shown prejudice, that is, "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "This is an objective inquiry and dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (citations omitted).

10

Case 1:14-cr-00428-CCE   Document 65   Filed 12/08/16   Page 10 of 13

As discussed *supra*, Mr. Holman has not shown that his Fourth Amendment objections to the traffic stop have merit.[6]  Whether Ms. Araneda clearly and accurately explained the basis for her advice or not, her advice that a motion to suppress would be unsuccessful was correct.  *See Fugit*, 703 F.3d at 260 (holding that "[j]ust as it is certainly reasonable for counsel not to raise unmeritorious claims, it is equally reasonable for counsel not to advise clients of unmeritorious defenses") (citation omitted).

Moreover, Mr. Holman's plea agreement with the United States resulted in the dismissal of six of Mr. Holman's seven charges.  (*See* Doc. 21 at ¶ 5(a); Doc. 32).  The penalties for these crimes were substantial; Count Seven alone carried a mandatory consecutive prison term of at least five years upon conviction.  (Doc. 1 at 3-4); 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii).  Exposure to additional charges is one reason that rejecting a plea and heading to trial may not be objectively reasonable.  *Fugit*, 703 F.3d at 260. While Mr. Holman had some defenses to the charges arising out of the March search of the apartment, those defenses were not certain to prevail.  (*See* Doc. 41 at 6-29 (unsuccessful argument of defense counsel at sentencing that there was insufficient evidence to tie Mr. Holman to the apartment)).  He does not assert that he was innocent of the drug charge in Count One arising out of the October 2012 search.  Based on the undisputed evidence here, Mr. Holman has not shown prejudice.  *See Meyer*, 506 F.3d at

---

[6] In his original pro se motion to suppress, Mr. Holman challenged the search of the apartment, (Doc. 4), but he has not made such an argument in connection with the ineffective assistance of counsel claim.  (*See* Doc. 58).  The earlier pro se motion to suppress is a hodgepodge of legalese and factual contentions that does not show a basis to suppress the results of the search and instead appears directed to the merits of the charge.  (*See* Docs. 4, 5).

369-70 (finding no prejudice because overwhelming evidence of guilt meant it was objectively reasonable to plead guilty).

Even if one assumes that Ms. Araneda gave Mr. Holman inaccurate advice on the applicability of the Fourth Amendment to cases in federal court,[7] the assertion that he would have gone to trial had he received accurate advice is not objectively reasonable. The claim for the ineffective assistance of counsel based on the guilty plea advice will be denied.

### c. Representation on appeal

Mr. Holman's remaining allegation of ineffective assistance is that Ms. Araneda did not timely file notice of appeal. (Doc. 56 at 3). This claim is without merit because in fact, Ms. Araneda did timely file a notice of appeal. (*See* Doc. 34). The Fourth Circuit considered the appeal and affirmed Mr. Holman's sentence and conviction on all grounds. (Doc. 53); *Holman*, 648 F. App'x at 360. Because Mr. Holman has alleged neither deficient performance nor prejudice in connection with the appeal, the Court will deny his claim for ineffective assistance of counsel.

## IV. Alleged Guidelines Errors

Mr. Holman's second and third grounds for relief are based on claims that the Court miscalculated the applicable sentencing guidelines by applying sentencing

---

[7] The Court has doubts about Mr. Holman's assertions about Ms. Araneda's advice. It is unlikely that an experienced criminal defense lawyer like Ms. Araneda would have made such a misstatement about a basic point of law. However, the Court need not resolve this issue in view of the strong evidence of Mr. Holman's guilt, the absence of defenses on Counts One through Three, and the substantial benefits he received from the plea agreement.

12

enhancements for maintaining a premises for manufacturing or distributing a controlled substance and for possession of a firearm. (Doc. 56 at 4-5).

Mr. Holman cannot raise these claims in a § 2255 petition. Except in extraordinary circumstances, "an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999); *see also United States v. Mikalajunas*, 186 F.3d 490, 496-97 (4th Cir. 1999) (noting that a Guidelines error "generally does not amount to a miscarriage of justice that warrants relief under § 2255"). Mr. Holman has shown no such "miscarriage of justice" here. *See United States v. Foote*, 784 F.3d 931, 939-943 (4th Cir. 2015) (discussing parameters of a "fundamental defect" in sentencing that might result in a "miscarriage of justice"), *cert. denied*, 135 S. Ct. 2850 (2015). Moreover, Mr. Holman waived the right to appeal his conviction on these grounds. (*See* Doc. 21 at ¶ 5(c)).

### V. Conclusion

It is **ORDERED** that the petitioner's motion to vacate, set aside, or correct his sentence, (Doc. 56), is **DENIED**.

Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, the Court denies a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

This the 8th day of December, 2016.

UNITED STATES DISTRICT JUDGE

13